

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-10-2003

# Singh v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 01-4381

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"Singh v. Atty Gen USA" (2003). *2003 Decisions.* Paper 378.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/378

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No.  01-4381
_____

HARDAMAN SINGH,

Petitioner

v.

John Ashcroft, Attorney General
of the United States,

Respondent

_____

On Petition for Review of an Order of the Board of Immigration Appeals
INS No.  A91-540-712

_____

Submitted Under Third Circuit LAR 34.1(a) June 2, 2003

Before: BARRY, FUENTES, and ROSENN, Circuit Judges

(Filed July 10, 2003)
_____

OPINION OF THE COURT
_____

ROSENN, Circuit Judge.

On March 24, 1994, Singh filed an asylum application with the Immigration

and Naturalization Service (INS).  The INS denied his application and placed him in

deportation proceedings for remaining in the United States beyond the time previously authorized by the INS. Singh renewed his asylum application before an Immigration Judge and sought, *inter alia*, withholding of removal relief, suspension of deportation, and voluntary departure, as alternative forms of relief. The Immigration Judge (IJ) denied Singh's petition for asylum and his application for alternative relief on August 11, 1997 . The Board affirmed the decision of the IJ. The Board also denied Singh's motion to remand, which it treated as a motion to reopen to produce additional evidence. Singh timely petitioned this court for review. We affirm the Board's decision including the order denying remand, and deny Singh's petition.

We refer only briefly to the facts because they are well known to the parties. The petitioner is a native and citizen of India. He was admitted to the United States on September 5, 1988, as a visitor for pleasure with permission to remain until February 4, 1989. He was born in the Punjab, India, on April 30, 1956, belongs to the Sikh religious community and claims to have been an active member of the "Akali Dahl" group for some time before he fled India to the United States.

Singh asserts that the relationship between the Hindu-dominant Indian government and the Sikhs severely deteriorated after the assassination of Indira Gandhi by her Sikh bodyguard in 1984. He states that Hindu fundamentalist groups burned and destroyed hundreds of Sikh temples and religious institutions in the Punjab. Numerous clashes have occurred between the Hindu Shiv Sena members and Sikh political groups in

2

Punjab.

Singh claims that he personally was attacked by Shiv Sena supporters after giving a speech at a meeting on a campus in Ludhiene, Punjab, on an unspecified date. He also asserts that he was arrested, but that his father arranged for his release the next day. Singh alleges that he joined a revolutionary Sikh group in 1987 and that on January 10, 1988, a militant group held his parents at gunpoint demanding his appearance. Singh was not at home, and therefore the group threatened his parents, telling them that he should surrender to the police. Singh claims he was forced to move to a relative's house in a distant village, and then from place to place to avoid arrest. He also claims that the Shiv Sena listed him for execution and he therefore cannot return unless his name is removed from the list. He asserts that the Shiv Sena murdered three members of his family, all of whom were members of the Sikh Revolutionary Group and that his parents arranged for him to escape to the United States. He contends that if he were to return to India, he would be kidnaped and killed.

Singh produced no documents to show either his membership in the Akali Dal political party or to support his membership in the Sikh Revolutionary Group, claiming to have lost everything. He produced no documents, affidavits, police reports, or other evidence to support his claim that he owned a business that was destroyed, or any of the political literature that he claims to have distributed, which he alleges got him into trouble.

3

The State Department reported that in April 1994 the Indian Human Rights Commission held four days of hearings in the Punjab and found that the militancy had terminated. Asia Watch and Amnesty International both agreed with the Commission that such militancy no longer served to explain police excesses. In 1993, the violence in the Punjab subsided, allowing the economy to revive. The Indian media reported significant increases in investment in the Punjab in 1993 and the government of India is non-sectarian. Tolerance for religious beliefs is a tenet of the Indian nation. The government does not take action against individuals because of their Sikh religion.

The IJ ruled that Singh was removable, that his testimony was not credible, and he did not prove he was eligible for asylum or withholding of deportation. The judge also denied his application for suspension of deportation, finding that Singh had not shown that his deportation would result in extreme hardship to him or to a qualifying family member. The judge granted his voluntary departure in lieu of deportation.

We have reviewed the record and conclude that substantial evidence supports the Board's denial of asylum. Singh has not shown that a reasonable fact finder would have been compelled to find him credible. He points to no evidence in the record that would have compelled a reasonable fact finder to believe his testimony. He has failed to submit a single bit of corroborative evidence and the documents and evidence from the State Department, Amnesty International, and the Asia Watch all support the conclusion that conditions in India have stabilized, and that there is no persecution by the government.

4

Accordingly, the motion to remand is denied for failure to show that the evidence tendered now was unavailable at the time of hearing.  The Petition for Review is denied.  Each side to bear its own costs.


TO THE CLERK:

Please file the foregoing opinion.


_____ /s/ Max Rosenn
                                       Circuit Judge

5